UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DION ERIC SAVAGE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 13-cv-1109 |
| | ) |
| RICARDO RIOS, *Warden*, | ) |
| | ) |
| Respondent. | ) |

## O R D E R & O P I N I O N

This matter is before the Court on Petitioner's Motion Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 5) and a Supplemental Motion (Doc. 6) raising substantially the same issues. In them, Petitioner seeks to amend or alter the Judgment (Doc. 4) dismissing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Specifically, he argues the Court erroneously concluded he was not entitled to relief, and should have allowed him to submit additional information to the Court and amend his Petition.

On March 20, 2013, this Court dismissed Petitioner's Petition on initial review because it could not provide relief to Petitioner under § 2241, as he had not shown that a motion under 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his detention. (Doc. 3). Petitioner claims the Court committed manifest errors in its dismissal of his claim, resulting in a miscarriage of justice. He argues that the evidence of his innocence was discovered after his appeal and his previous motion for relief pursuant to 28 U.S.C. § 2255, that he filed a § 2244(b)

motion in the Court of Appeals for the Sixth Circuit, and that based on the evidence, it is more likely than not that no reasonable jury would find Petitioner guilty.

Petitioner still has not shown that § 2255 is inadequate or ineffective. As explained previously, as a federal prisoner seeking to challenge his conviction, his claim must ordinarily be raised in a motion pursuant to § 2255. However, there is an "escape hatch" built into the statutory scheme, providing that an application for writ of habeas corpus may be entertained if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Seventh Circuit has held that § 2255 is only inadequate or ineffective when three requirements are satisfied: 1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision, 2) the case was decided after his first § 2255 motion but is retroactive, and 3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

The fact that Petitioner has a claim of actual innocence does not automatically mean § 2255 is inadequate or ineffective. Petitioner seemingly misunderstands the case law in this area, including *Brown v. Rios*. A claim of actual innocence is only one of the three requirements for the escape hatch to allow a court to grant § 2241 relief, not one of three possible independent grounds. The other two elements, the reliance on a new statutory interpretation decision, and that the decision is retroactive and could not have been invoked in the first § 2255 motion, are not present here, and thus the three-part test is not satisfied. Even though Petitioner's claim is based on evidence obtained after his initial § 2255 motion, he

2

could still petition the proper court of appeals to allow him to file a second or successive § 2255 motion based on the discovery of new evidence, as his claim comes squarely within § 2255(h)(1). He apparently has already followed this procedure once. (*See* Doc. 5 at 2). The fact that the appellate court denied him permission to file a second or successive § 2255 motion does not make the provision inadequate or ineffective; it simply means the provision for second or successive claims based on newly discovered evidence was applied and his claim failed. No matter how compelling the evidence, this Court simply cannot afford relief under § 2241.

The Court also did not err in ruling on Petitioner's Petition before it received the additional evidence Petitioner claimed he wished to submit. First, as Petitioner acknowledges, it is the Court's responsibility under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to review a petition promptly and determine whether the government will be ordered to respond. Second, even if the Court had waited for additional evidence,[1] Petitioner points to nothing that would make his claim come within the escape hatch. The evidence he wished to add was only to be further support for his argument that he was falsely convicted and that the key witness against him lied. A motion under § 2255 is not inadequate or ineffective to raise such a claim.

Accordingly, the Court finds no basis on which to alter or amend its previous Order and Judgment. Petitioner's Motion Pursuant to Federal Rule of Civil

---

[1] The Court also notes that Petitioner, even in his most recent Motion on April 22, 2013, over a month after the Petition was filed, only stated he is "really close to procuring the 'material Affidavit'" he initially told the Court he would submit. (Doc. 6 at 1-2).

3

Procedure 59(e) (Doc. 5) and Supplemental Motion (Doc. 6) are DENIED. IT IS SO ORDERED.

Entered this 10th day of September, 2013.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
