## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| DION ERIC SAVAGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.   13-cv-1109 |
| ) | |
| RICARDO RIOS, *Warden*, ) | |
| ) | |
| Respondent. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's "Motion Pursuant to Fed. R. Civ. Proc. 59(e) to Present 'Exculpatory/Material Affidavits'" (Doc. 9).  On March 20, 2013, this Court dismissed Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on initial review because it could not provide relief to Petitioner under § 2241, as he had not shown that a motion under 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his detention. (Doc. 3). As a result, the Court did not have jurisdiction to entertain his claim. Petitioner subsequently filed a motion pursuant to Rule 59(e) challenging this determination, which was denied. (Doc. 8 at 4).

Now, Petitioner again challenges the Court's dismissal of his claim and apparently also the denial of his motion to alter or amend judgment, again styling his Motion as one pursuant to Rule 59(e). However, judgment was entered on March 21, 2013. (Doc. 4). Under Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Accordingly, the deadline for filing a motion

pursuant to Rule 59(e) has long since passed, and the Court does not have the ability to extend the time to file such a motion, regardless of the reason for delay. *See* Fed. R. Civ. P. 6(b)(2). Thus, the Motion is not properly a Rule 59(e) motion.

To the extent Petitioner seeks relief from the Court's previous Orders on the basis of inaccurate reasoning, his Motion could be brought pursuant to Rule 60(b), allowing a party to seek relief from a final judgment or order for any one of the listed reasons, including for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A movant seeking relief under that provision must show "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) ("Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." (internal quotation marks omitted)). Petitioner does not point to any exceptional or extraordinary circumstances that justify relief from the accurate determination that the Court cannot provide relief pursuant to 28 U.S.C. § 2241.

Further, because Petitioner's Motion primarily challenges his conviction and purports to present additional evidence of his innocence in an attempt to obtain release from prison, it is more accurately characterized as a successive collateral attack on his conviction. When a federal prisoner's motion "challenges the legality of his detention and seeks release," it is appropriately treated as a § 2255 motion. *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *see also Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). "[I]t is the substance of the petitioner's motion that controls how his request for relief shall be treated." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). A successive § 2255 motion must be

certified by the appropriate Court of Appeals. 28 U.S.C. § 2255(h). That is the only recourse available to Petitioner. This Court does not have jurisdiction to entertain Petitioner's § 2255 motion, as has already been explained in previous Orders.

IT IS THEREFORE ORDERED that Petitioner's "Motion Pursuant to Fed. R. Civ. Proc. 59(e) to Present 'Exculpatory/Material Affidavits'" (Doc. 9), construed as a procedurally improper § 2255 motion, is DISMISSED.

Entered this 2nd day of October, 2013.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                               United States Senior District Judge